**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY and ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| WILDER VENTURES, LP, d/b/a WILDER ADVENTURES LLC | |
| Defendant. | |

Plaintiffs Zurich American Insurance Company and Zurich American Insurance Company of Illinois, by way of Complaint against Defendant Wilder Ventures, LP d/b/a Wilder Ventures, LLC states as follows:

## THE PARTIES

1.    Zurich American Insurance Company ("ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  It is authorized to transact business and has transacted business in the State of New Jersey.

2.    Zurich American Insurance Company of Illinois ("ZAICI") is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  ZAICI is authorized to transact business and has transacted business in the State of New Jersey.

3.    ZAICI and ZAIC are hereinafter collectively referred to as Plaintiffs.

4.     Wilder Ventures, LP d/b/a Wilder Ventures, LLC ("Wilder Ventures") is a limited partnership organized under the laws of the State of Delaware with a principal place of business at 211 Route 17 South, Paramus, New Jersey 07652.  Upon information and belief, the only member of Wilder Ventures is Marti Zeigler, a resident of the State of Pennsylvania.

## ALLEGATIONS

5.     The amount in controversy between the parties is in excess of $75,000.00

6.     Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## FACTUAL BACKGROUND

7.     Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 6 as if fully set forth herein.

8.     ZAICI issued a policy of workers compensation insurance to Wilder Ventures under Policy No. WC 6627653-00 for the effective dates of July 3, 2018 to July 3, 2019 ("WC Policy").

9.     ZAIC issued a policy of general liability insurance to Wilder Ventures under Policy No. CPO 0177143-00 for the effective dates of August 2, 2014, to August 2, 2015 ("2014 CPO Policy").

10.     ZAIC issued a policy of general liability insurance to Wilder Ventures under Policy No. CPO 0177143-01 for the effective dates of August 2, 2015, to August 2, 2016 ("2015 CPO Policy").

11.     ZAIC issued a policy of general liability insurance to Wilder Ventures under Policy No. CPO 0177143-02 for the effective dates of August 2, 2016, to August 2, 2017 ("2016 CPO Policy").

12.     ZAIC issued a policy of general liability insurance to Wilder Ventures under Policy No. CPO 0177143-03 for the effective dates of August 2, 2017, to August 2, 2018 ("2017 CPO Policy").

13.     ZAIC issued a policy of general liability insurance to Wilder Ventures under Policy No. CPO 0177143-04 for the effective dates of August 2, 2018, to August 2, 2019 ("2018 CPO Policy").

14.     The WC Policy, 2014 CPO Policy, 2015 CPO Policy, 2016 CPO Policy, 2017 CPO Policy, and 2018 CPO Policy are hereinafter collectively referred to as the "Policies".

15.     The Policies are insurance contracts which provides insurance coverage for certain liabilities of Wilder Ventures as set forth in the Policies.

16.     ZAICI and ZAIC fulfilled its contractual obligations and provided coverage afforded by the Policies.

**WC Policy**

17.     Pursuant to the terms of the WC Policy, initial premiums are based on estimated information submitted by Wilder Ventures to ZAICI regarding its estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

18.     Since initial premiums are based on estimated information, the WC Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage.  The audit can result in additional earned premiums or return premiums.

19.     The audit of the WC Policy produced additional premiums in the amount of $178,522.00

20.     Wilder Ventures remains indebted to ZAICI in the amount of $178,522.00 for the unpaid audit premiums on the WC Policy.

**2014 CPO Policy**

21.     Pursuant to the terms of the 2014 CPO Policy, initial premiums are based on estimated information submitted by Wilder Ventures to ZAIC regarding its estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

22.     Since initial premiums are based on estimated information, the 2014 CPO Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

23.     The audit of the 2014 CPO Policy produced additional premiums in the amount of $7,273.00.

24.     Wilder Ventures remains indebted to ZAIC in the amount of $7,273.00 for the unpaid earned premiums of the 2014 CPO Policy.

**2015 CPO Policy**

25.     Pursuant to the terms of the 2015 CPO Policy, initial premiums are based on estimated information submitted by Wilder Ventures to ZAIC regarding its estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

26.     Since initial premiums are based on estimated information, the 2015 CPO Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

27.     The audit of the 2015 CPO Policy produced additional premiums in the amount of $9,175.00.

28.     Wilder Ventures remains indebted to ZAIC in the amount of $9,175.00 for the unpaid earned premiums of the 2015 CPO Policy.

**2016 CPO Policy**

29.     Pursuant to the terms of the 2016 CPO Policy, initial premiums are based on estimated information submitted by Wilder Ventures to ZAIC regarding its estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

30.     Since initial premiums are based on estimated information, the 2016 CPO Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

31.     The audit of the 2016 CPO Policy produced additional premiums in the amount of $6,987.00.

32.     Wilder Ventures remains indebted to ZAIC in the amount of $6,987.00 for the unpaid earned premiums of the 2016 CPO Policy.

**2017 CPO Policy**

33.     Pursuant to the terms of the 2017 CPO Policy, initial premiums are based on estimated information submitted by Wilder Ventures to ZAIC regarding its estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

34.     Since initial premiums are based on estimated information, the 2017 CPO Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

35.     The audit of the 2017 CPO Policy produced additional premiums in the amount of $10,583.00.

36.     Wilder Ventures remains indebted to ZAIC in the amount of $10,583.00 for the unpaid earned premiums of the 2017 CPO Policy.

**2018 CPO Policy**

37.    Pursuant to the terms of the 2018 CPO Policy, initial premiums are based on estimated information submitted by Wilder Ventures to ZAIC regarding its estimated exposure (i.e., payroll, salaries, etc.) for the effective dates of coverage.

38.    Since initial premiums are based on estimated information, the 2018 CPO Policy is subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional earned premiums or return premiums.

39.    The audit of the 2018 CPO Policy produced additional premiums in the amount of $43,590.00.

40.    Wilder Ventures remains indebted to ZAIC in the amount of $43,590.00 for the unpaid earned premiums of the 2018 CPO Policy.

**The Policies**

41.    Wilder Ventures remains indebted to Plaintiffs in the amount of $256,130.00 ($178,522.00 + $7,273.00 + $9,175.00 + $6,987.00 + $10,583.00 + $43,590.00) due to its failure and refusal to remit payment of the earned premiums for the Policies.

42.    Plaintiffs issued invoices and/or demands for payment of the earned premiums in a timely fashion.

43.    As of December 22, 2021, Wilder Ventures is indebted to Plaintiffs in the amount of $40,008.75 for interest on the Policies.

44.    Plaintiffs have repeatedly demanded payment of the $296,138.75 ($256,130.00 + $40,008.75) balance owed by Wilder Ventures and has attempted to collect same without success.

45.     Wilder Ventures has failed, refused, and continues to refuse to remit payment of the audit premiums which Wilder Ventures owes to Plaintiffs pursuant to the terms of the Policies, thereby resulting in damages to Plaintiffs in the amount of $296,138.75.

## COUNT ONE
**(Breach of Contract)**

46.     Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 45 as if fully set forth herein.

47.     The Policies are written contracts.

48.     Wilder Ventures failed and refused to remit payment of the earned premiums in the amount of $296,138.75 pursuant to the terms of the Policies.

49.     Wilder Ventures has breached the insurance contracts between the parties by its failure and refusal to remit payment of the earned premiums which it owes to Plaintiffs pursuant to the terms of the Policies.

50.     Plaintiffs have consistently met their contractual obligations to Wilder Ventures.

51.     Wilder Ventures, through its failure and refusal to remit payment, has breached the contracts, i.e., the Policies.

52.     Wilder Ventures' failure and refusal to pay the $296,138.75 balance which it owes to Plaintiffs have resulted in damages to Plaintiffs in the amount of $296,138.75, plus interest, attorney's fees, expenses, and court costs.

**WHEREFORE**, Plaintiffs demand judgment against Wilder Ventures in the amount of $296,138.75 for compensatory damages, together with attorney's fees, costs of suit, interest, and such further relief as this Court deems just and proper.

## COUNT TWO
### (Account Stated)

53.     Plaintiffs repeat, restate, and reallege the allegations of Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

54.     Plaintiffs provided Wilder Ventures with account statements.

55.     Wilder Ventures, being indebted to Plaintiffs upon accounts stated between them, promised to pay Plaintiffs upon demand.

56.     Wilder Ventures did not dispute the account statements provided by Plaintiffs.

57.     Wilder Ventures has failed, refused, and continues to refuse to pay the $296,138.75 balance which it owes to Plaintiffs, thereby resulting in damages to Plaintiffs in the amount of $296,138.75, plus interest, attorney's fees, expenses, and court costs.

**WHEREFORE**, Plaintiffs demand judgment against Wilder Ventures in the amount of $296,138.75 for compensatory damages, together with attorney's fees, costs of suit, interest, and such further relief as this Court deems just and proper

## COUNT THREE
### (Unjust Enrichment)

58.     Plaintiffs repeat, restate and reallege the allegations of Paragraphs 1 through 6 as if fully set forth herein.

59.     Plaintiffs have provided insurance coverage and related services to Wilder Ventures for which Wilder Ventures has refused to pay.

60.     Wilder Ventures acknowledged and accepted the insurance coverage and related services provided by Plaintiffs.

61.     It would be unconscionable for Wilder Ventures to retain the benefits of insurance coverage and related services without payment to Plaintiffs.

62.    Plaintiffs have repeatedly demanded that Wilder Ventures remit payment of the $296,138.75 owed to Plaintiffs for the insurance coverage and related services provided by Plaintiffs.

63.    Wilder Ventures has failed, refused, and continues to refuse to pay the balance due and owing to Plaintiffs, thereby resulting in damages to Wilder Ventures in the amount of $296,138.75.

**WHEREFORE**, Plaintiffs demand judgment against Wilder Ventures in the amount of $296,138.75 for compensatory damages, together with attorney's fees, costs of suit, interest, and such further relief as this Court deems just and proper.

Dated: February 17, 2022

THOMAS KADIAN LLC
Attorneys for Plaintiffs
90 East Halsey Road, Suite 390
Parsippany, New Jersey 07054
(973) 996-4300
dkadian@thomaskadian.com

*/s/ Dennis E. Kadian*
By:  Dennis E. Kadian, Esq. (026402003)

THOMAS KADIAN LLC
Attorneys for Plaintiffs
90 East Halsey Road, Suite 390
Parsippany, New Jersey 07054
(973) 996-4300
nritrivi@thomaskadian.com

*/s/ Nicolas Ritrivi*
By:  Nicolas Ritrivi, Esq. (046041996)